JOHN L. BURRIS, ESQ.   CSB#69888
ADANTE D. POINTER, ESQ.   CSB#236229
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California   94621-1939
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com

Attorneys for Plaintiff
KENYA KWAME MOSELEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYA KWAME MOSELEY, | NO. |
| Plaintiffs, | COMPLAINT FOR DAMAGES [CIVIL RIGHTS VIOLATIONS] |
| CITY OF CERES; JAMES YANDELL, individually and as a police officer for the CITY OF CERES; JOSHUA KLINGE, individually and as a police officer for the CITY OF CERES; ART DEWERK, the CITY OF CERES Chief of Police; and DOES 1 - 25, inclusive, | JURY TRIAL DEMANDED |
| Defendants. | |

JURISDICTION AND VENUE

1.   This action arises pursuant to 42 U.S.C. §§ 1983. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Venue lies in this District, the judicial district in which the claims arose, pursuant to 28 U.S.C. § 1391(b). Plaintiff asks the Court to exercise jurisdiction over pendent state causes of action.

COMPLAINT FOR DAMAGES (JURY TRIAL DEMANDED)                                                                1

## PARTIES

2.  Plaintiff KENYA KWAME MOSELEY ("MOSELEY") is an adult African-American male who, at all times mentioned herein resided in Stanislaus County, within this judicial district.

3.  Defendant CITY OF CERES ("CITY") is a municipal entity in Stanislaus County, California. The Ceres police department is an agency of defendant CERES and is subject to suit under federal law by virtue of Monell v. Dept. of Social Services, 436 U.S. 658 (1978) and 42 U.S.C. § 1983.

4.  Defendants JAMES YANDELL ("YANDELL") and JOSHUA KLINGE ("KLINGE") were, at all times mentioned herein, employed by CERES as police officers. These defendants are sued individually and in their capacity as police officers.

5.  ART DEWERK ("DEWERK") was the Chief of Police for CERES at the time of the incident and is sued in his official capacity.

6.  DOE 1 is the City Manager for CERES and is sued in that official capacity.

7.  Plaintiff is ignorant of the true names and capacities of defendant DOES 1 through 25, and sues these defendants by such fictitious names. Plaintiff is informed, believes and alleges that each defendant sued as "DOE" is responsible in some manner for the injuries and damages stated herein. Plaintiff will amend his complaint to state the true name and basis of responsibility of each "DOE" when they have

COMPLAINT FOR DAMAGES (JURY TRIAL DEMANDED)                             2

been ascertained.

8.  At all times mentioned, each named "DOE" defendant was the agent or employee of co-defendant CERES, and in doing things alleged, was acting under the color of state law and within the course and scope of the agency or employment and with the actual or implied permission, consent, authorization, and approval of CERES or was an executive or policymaking official of CERES.

## STATEMENT OF FACTS

9.  At approximately 11:30 p.m. on May 29, 2007, CERES police officers YANDELL and KLINGE made a stop of a vehicle driven by MOSELEY in the vicinity of Ceres High School on Central Avenue in Ceres.  After he pulled over to a stop, Moseley saw an officer he believes to be YANDELL approaching from the patrol car with a drawn firearm, acting suspiciously. Concerned for his immediate safety and in light of the time of night and location, MOSELEY drove away, entered Highway 99, in Modesto and continued until the patrol car overtook him. Because the driver's door was inoperable, MOSELEY exited from the passenger door.  As he did so MOSELEY heard him say the words "armed and dangerous" into his shoulder microphone. Believing he was about to be shot, MOSELEY turned and ran approximately eight feet to a cyclone fence which bordered the freeway and began to climb the fence.  When he reached the other side of the fence, he was shot from behind in the

COMPLAINT FOR DAMAGES (JURY TRIAL DEMANDED)                                3

shoulder and lower back, the impact turning him to face the officer who was shooting him. Although he raised his hands to show he was weaponless and to surrender, the officer continued to shoot him, hitting MOSELEY in the arm, breaking the bone, and in the abdomen. MOSELEY passed out as he was placed in handcuffs and awoke in an ambulance. He was transported to a hospital and admitted for emergency treatment. When he was shot, MOSELEY was visibly unarmed, wearing a short-sleeved shirt and jeans, with no pouch or other means of concealing a weapon. Shooting MOSELEY in the back and continuing to shoot him while he faced the officer with no weapon, was an unwarranted use of lethal force, a course of conduct which no reasonable officer in similar circumstances would have pursued. MOSELEY was never warned or given a chance to surrender to police custody before he was gunned down.

## DAMAGES

10. As a direct, actual and proximate result of defendants' conduct, MOSELEY sustained wounds to his abdomen, hip, buttock shoulder and forearm, the latter being broken. He had internal injuries to his colon, bowel and liver and was hospitalized for an extended period. His forearm was secured with pins. WILLIAMS died on June 4, 1995. As a further result of defendants' conduct MOSELEY sustained financial losses, pain and suffering, severe emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security and

COMPLAINT FOR DAMAGES (JURY TRIAL DEMANDED)                                    4

dignity as an American citizen.

11. As a further proximate result of defendants' conduct, plaintiff found it necessary to engage the services of private counsel to vindicate his civil rights. Plaintiff is therefore entitled to an award of the attorney fees and costs he incurred in relation to this action for violation of his federal and state civil rights.

12. The conduct of the defendant officers was malicious, wanton, and oppressive and justifies an award of punitive damages against each individual defendant found to be directly involved in the incident.

FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)
(Against named YANDELL, KLINGE
and DOES 1 through 15)

13. Plaintiff hereby incorporates paragraphs 1 through 12 by reference, as though they were realleged at length and in full.

14. In doing the acts complained of here, named defendant officers and those sued as "DOE" acted under color of law to deprive plaintiff of certain constitutionally protected rights, including but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

    b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the fifth and

COMPLAINT FOR DAMAGES (JURY TRIAL DEMANDED)                                    5

fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of unreasonable force by police officers, which is guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the fourteenth Amendment to the United States Constitution;

e. The right to be free from interferences with the zone of privacy, as protected by the fourth and fourteenth Amendments to the United States Constitution; and

f. The right to be free from preconviction punishment.

15. As a proximate result of defendants' wrongful conduct, plaintiff suffered the injuries and damages alleged.

16. The conduct of defendants was oppressive, and carried out with reckless disregard and indifference to Plaintiff's rights. Plaintiff is therefore entitled to damages pursuant to 42 U.S.C. §1983 together with award of punitive damages against the culpable defendants.

SECOND CAUSE OF ACTION
(42 U.S.C. § 1983)
Monell v. Dept. of Social Services
(Against defendants CERES, DEWERK
and DOE defendants 16 through 25)

17. Plaintiff hereby incorporates paragraphs 1 through 16 by reference, as though they were realleged at length and in full.

18. CERES, DEWERK as Chief of Police for CERES, "DOE" 16,

COMPLAINT FOR DAMAGES (JURY TRIAL DEMANDED)                    6

the City Manager of CERES, by and through their supervisory officials and employees, failed to reasonably select, screen, train and supervise officers with respect to the use of force, making felony vehicle stops and assignment of officers as field training officers.  CERES has a practice of hiring officers, including YANDELL, without appropriate screening and without which defendants knew or should have reasonably known would result in deploying officers who are prone to use unreasonable force and to violate suspects' constitutional rights.  Hiring YANDELL and other such officers represents CERES' deliberate indifference to the rights of citizens with whom the officers will come into contact.

19.  This lack of adequate employment, supervision, and discipline by defendants, and lack of adequate training, demonstrates the existence of an informal custom or policy that tolerates and promotes the continuing use of excessive and deadly force by CERES police officers.

THIRD CAUSE OF ACTION
(Assault and Battery)
(Defendants YANDELL, KLINGE
and DOES 1 through 25)

20.  Plaintiff hereby incorporates paragraphs 1 through 19 by reference, as though they were realleged at length and in full.

21.  Defendant police officers placed plaintiff in immediate fear of severe bodily harm by attacking and battering him without any just provocation or cause.  These officers committed assault and battery against plaintiff by threatening

COMPLAINT FOR DAMAGES (JURY TRIAL DEMANDED)                         7

and physically attacking without lawful justification.

22. As a proximate result of defendants' wrongful conduct, plaintiff suffered damages as alleged.

### FOURTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Defendants YANDELL, KLINGE and DOES 1 through 15)

23. Plaintiff hereby incorporates paragraphs 1 through 22 by reference, as though they were realleged at length and in full.

24. The conduct of the defendant police officers, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. These defendants deliberately injured plaintiff with the intent of inflicting severe mental and emotional distress upon plaintiff, and did so.

25. As a proximate result of defendants' intentional and malicious conduct, plaintiff suffered severe and extreme mental and emotional distress. Therefore, plaintiff is entitled to an award of punitive damages as against the individually named police officers in addition to general and special damages as alleged.

### FIFTH CAUSE OF ACTION
(California Civil Code § 52.1)
(Defendants YANDELL, KLINGE and DOES 1 through 15)

26. Plaintiff hereby incorporates paragraphs 1 through 25 by reference, as though they were realleged at length and in full.

COMPLAINT FOR DAMAGES (JURY TRIAL DEMANDED)                                8

27. The conduct of the defendant officers as described here violated California Civil Code § 52.1. The officers interfered with plaintiff's exercise and enjoyment of his constitutional and civil rights, through use of excessive force, including his right to be free from violence or the threat of violence.

28. As a direct and proximate result of defendants' violation of Civil Code § 52.1, plaintiff suffered violation of his constitutional rights, and suffered damages as alleged.

29. Plaintiff is entitled to an award of reasonable attorney's fees pursuant to Civil Code § 52.1(h).

<u>SIXTH CAUSE OF ACTION</u>
(Negligence)
(Defendants CERES, YANDELL,
KLINGE and DOES 1-15)

30. Plaintiff realleges and incorporates by reference here paragraphs 1 through 29 of this complaint, except for allegations of malicious, wanton, and oppressive conduct by defendants, and allegations requesting punitive damages.

31. At all times here mentioned, defendants were subject to a duty of care, to avoid causing unnecessary physical harm and distress to citizens in the exercise of the police function. The conduct of defendants, as set forth here, did not comply with the standard of care to be exercised by reasonable police officers, causing plaintiff to suffer damages as alleged.

<u>CLAIM REQUIREMENT</u>

32. For state causes of action plaintiffs are required to

COMPLAINT FOR DAMAGES (JURY TRIAL DEMANDED)                    9

comply with an administrative claim requirement under California law. Plaintiffs filed the requisite claim on November 27, 2007 and said plaintiff was given notice of denial of that claim by CERES on December 11, 2007.

### JURY DEMAND

33. Plaintiffs demand a jury trial in this action.

### PRAYER

Plaintiffs pray for relief as follows:

1. Compensatory general and special damages of $2,000,000.00 (five million dollars);

2. Punitive damages against individually named police officers;

3. Statutory damages, including exemplary damages and attorney fees for violations of Civil Code § 52.1;

4. Reasonable attorney's fees and expenses pursuant to 42 U.S.C. § 1988;

5. Costs of suit; and,

6. For such other and further relief as the Court may deem just and proper.

Dated:  June 9, 2008                         LAW OFFICES OF JOHN L. BURRIS

                                             By: /S/ JOHN L. BURRIS
                                             John L. Burris, Attorney at Law
                                             Attorneys Kenya Kwame Moseley

COMPLAINT FOR DAMAGES (JURY TRIAL DEMANDED)                              10