**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENYA KWAME MOSELEY,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF CERES; JAMES YANDELL, individually and as a police officer for the CITY OF CERES; JOSHUA KLINGE, individually and as a police officer for the CITY OF CERES; ART DEWERK, the CITY OF CERES Chief of Police; and Does 1-25, inclusive,<br><br>    Defendants. | 1:08-cv-0809 OWW GSA<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 11/30/09<br><br>Non-Dispositive Motion Filing Deadline: 12/15/09<br><br>Dispositive Motion Filing Deadline: 12/30/09<br><br>Settlement Conference Date: 8/26/09 10:00 Ctrm. 10<br><br>Pre-Trial Conference Date: 3/8/10 11:00 Ctrm. 3<br><br>Trial Date: 4/20/10 9:00 Ctrm. 3 (JT-7 days) |

I.   Date of Scheduling Conference.

    September 17, 2008.

II.  Appearances Of Counsel.

    Law Offices of John L. Burris by Ben Nisenbaum, Esq., appeared on behalf of Plaintiff.

    Ferguson, Praet & Sherman by Bruce D. Praet, Esq., appeared on behalf of Defendants.

///

1

III.  Summary of Pleadings.

    <u>Plaintiff's Contentions</u>

    1.  Ceres Police Officers, Defendants James Yandell, and Joshua Klinge, at approximately 11:30 p.m. on May 29, 2007, stopped Plaintiff Kenya Moseley as he was driving on Central Avenue in Ceres.  While stopped, Moseley saw one of the officers approach with a drawn firearm.  Concerned for his immediate safety, Moseley drove away, continuing until the patrol car overtook him.  As Moseley left his car he heard one of the officers say the words "armed and dangerous" into his shoulder microphone and thought he was about to be shot.  Moseley ran approximately eight feet to a cyclone fence which bordered the freeway and began to climb the fence and was shot from behind, being struck in the shoulder and lower back.  Moseley turned and raised his hands, weaponless, to surrender.  The officer continued to fire and hit Moseley in the arm and in the abdomen. Moseley passed out as he was placed in handcuffs, his arm broken by one of the shots.  He was then transported to a hospital and admitted for emergency treatment.

    2.  Plaintiff contends the Officers exercised an unwarranted and unlawful use of lethal force in taking him into custody and that under the circumstances of the arrest, the Officers are not entitled to qualified immunity.  Plaintiff also contends the City of Ceres failed to train, supervise and/or retain the Defendant Officers.  Plaintiff seeks monetary and exemplary damages, medical and special damages, attorney's fees and costs.

///

**Defendants' Contentions**

1.   Defendants contend that Plaintiff led officers on a high speed chase while throwing narcotics from his vehicle.  As Plaintiff ran from his vehicle and ignored Officers' commands to stop, Plaintiff reached for his waistband while jumping over a fence.  Believing that Plaintiff was reaching for a weapon, Officer Yandell fired his weapon and took Plaintiff into custody. (Plaintiff was found to have more illegal narcotics in his pants pocket and was later found guilty of felony evading and possession of narcotics).  Defendants contend that the use of force was reasonable.

IV. Orders Re Amendments To Pleadings.

   1.   The parties do not anticipate amending the pleadings at this time.

V.   Factual Summary.

   A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

      1.   Plaintiff is a citizen of the United States and was a resident of the Eastern District of California, Fresno Division, at the time of the events alleged in the complaint.

      2.   Plaintiff was not armed at the time he was shot.

      3.   Plaintiff received wounds in the shoulder, back, arm, and abdomen.

      4.   Officer Yandell was acting as field training officer for Officer Klinge.

      5.   Plaintiff drove away from the initial vehicle stop causing Defendants to pursue him.

      6.   Plaintiff left his car through the passenger door

3

1  and ran toward a fence.
2          7.   Plaintiff was provided medical care.
3          8.   Each Officer was acting within the course and
4  scope of his employment at all times alleged in the complaint.
5     B.   Contested Facts.
6          1.   All remaining facts, including facts related to
7  qualified immunity, are in dispute.
8  VI.  Legal Issues.
9     A.   Uncontested.
10         1.   Jurisdiction exists under 28 U.S.C. § 1331 and 42
11 U.S.C. §§ 1983 et seq.  Jurisdiction is also invoked under 28
12 U.S.C. § 1367.
13         2.   Venue is proper under 28 U.S.C. § 1391.
14         3.   Standards for the use of lethal force for
15 qualified immunity are not in dispute.
16         4.   The parties agree that as to the supplemental
17 claims, the substantive law of the State of California provides
18 the rule of decision.
19    B.   Contested.
20         1.   All remaining legal issues are contested.
21 VII. Consent to Magistrate Judge Jurisdiction.
22    1.   The parties have not consented to transfer the
23 case to the Magistrate Judge for all purposes, including trial.
24 VIII.    Corporate Identification Statement.
25    1.   Any nongovernmental corporate party to any action in
26 this court shall file a statement identifying all its parent
27 corporations and listing any entity that owns 10% or more of the
28 party's equity securities.  A party shall file the statement with

4

its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

    1.   Depositions: Plaintiff will take depositions of each Defendant Officer, the Chief of Police and may take up to six additional depositions. Defendants will take the deposition of Plaintiff Moseley and additional depositions, as necessary. Should the court permit discovery on the *Monell* cause of action, the parties will seek leave to amend this discovery plan.

    2.   Interrogatories and document requests: twenty-five per side. The parties will stipulate to a protective order permitting prompt production of investigative reports and confidential documents disclosed in the initial disclosures.

    3.   Discovery will otherwise be limited as provided by the Federal Rules of Civil Procedure and the Civil Local Rules for the Eastern District of California.

    4.   The parties are ordered to complete all non-expert discovery on or before August 31, 2009.

    5.   The parties are directed to disclose all expert witnesses, in writing, on or before September 30, 2009. Any rebuttal or supplemental expert disclosures will be made on or before October 30, 2009. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in

5

compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    6.    The parties are ordered to complete all discovery, including experts, on or before November 30, 2009.

    7.    The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.    Pre-Trial Motion Schedule.

    1.    All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before December 15, 2009, and heard on January 22, 2010, at 9:00 a.m. before Magistrate Judge Gary S. Austin in Courtroom 10.

    2.    In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.    All Dispositive Pre-Trial Motions are to be filed no later than December 30, 2009, and will be heard on February 1, 2010, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI.    Pre-Trial Conference Date.

    1.    March 8, 2010, at 11:00 a.m. in Courtroom 3, 7th Floor,

6

1 before the Honorable Oliver W. Wanger, United States District
2 Judge.
3        2.    The parties are ordered to file a Joint Pre-
4 Trial Statement pursuant to Local Rule 281(a)(2).
5        3.    Counsel's attention is directed to Rules 281
6 and 282 of the Local Rules of Practice for the Eastern District
7 of California, as to the obligations of counsel in preparing for
8 the pre-trial conference.  The Court will insist upon strict
9 compliance with those rules.
10 XII. Motions - Hard Copy.
11       1.    The parties shall submit one (1) courtesy paper copy to
12 the Court of any motions filed that exceed ten pages and any
13 motions that have exhibits attached.  Exhibits shall be marked
14 with <u>protruding numbered or lettered tabs</u> so that the Court can
15 easily identify such exhibits.
16 XIII.    Trial Date.
17       1.    April 20, 2010, at the hour of 9:00 a.m. in Courtroom
18 3, 7th Floor, before the Honorable Oliver W. Wanger, United
19 States District Judge.
20       2.    This is a jury trial.
21       3.    Counsels' Estimate Of Trial Time:
22             a.    7 days.
23       4.    Counsels' attention is directed to Local Rules
24 of Practice for the Eastern District of California, Rule 285.
25 XIV. Settlement Conference.
26       1.    A Settlement Conference is scheduled for August 26,
27 2009, at 10:00 a.m. in Courtroom 10 before the Honorable Gary S.
28 Austin, United States Magistrate Judge.

     2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

     3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

     4.    Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

     5.    The Confidential Settlement Conference Statement shall include the following:

8

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.   A summary of the proceedings to date.

        d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.   The relief sought.

        f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

**XV.  Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.**

    1.   None.

**XVI. Related Matters Pending.**

    1.   There are no related matters.

**XVII.   Compliance With Federal Procedure.**

    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

*///*

**XVIII.     Effect Of This Order.**

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:   September 17, 2008**               /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE